# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

SHANE ROUSH,

    Petitioner,

v.

WARDEN, NORTH
CENTRAL CORRECTIONAL
COMPLEX,

    Respondent.

CASE NO. 2:17-CV-755
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth P. Deavers

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Preliminarily, Petitioner has filed an *Affidavit of Indigence* and requests to proceed *in forma pauperis*. Upon consideration, the Court finds that Petitioner's motion is meritorious, and it is therefore **GRANTED**.

**IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**. Because the Court has not issued an Order for Respondent to answer and show cause why the Petition should not be granted, the Magistrate Judge further **RECOMMENDS** that Petitioner's Motion for Default Judgment be **DENIED AS MOOT**.

**Facts and Procedural History**

Petitioner challenges his August 22, 2011, convictions pursuant to his guilty plea in the Morrow County Court of Common Pleas on attempted aggravated murder and felonious assault, with specifications. The Ohio Fifth District Court of Appeals summarized the procedural history of the case as follows:

> On October 27, 2010, Appellant was indicted on one count of Attempted Aggravated Murder (R.C. 2923.02 and 2903.01(E)(1)), a felony of the first degree, with specifications including using body armor during the offense; four counts of Felonious Assault (R.C. 2923.03 and 2903.11), felonies of the first or second degree, with specifications; Illegal Cultivation of Marijuana (R.C. 2925.04), a felony of the second degree, with specifications; and, Trafficking in Marijuana (R.C. 2925.03), a felony of the second degree, with specifications. The indictment stemmed from an incident during which Appellant, wearing a Kevlar flak vest, fired an assault rifle at a group of people, striking a Morrow County Sheriff's Deputy several times. The deputy was severely injured in the shooting and was later medically retired.
>
> A written plea agreement was reached on or about August 22, 2011. Pursuant to the plea agreement, in exchange for Appellant's plea of guilty to the charges, the State agreed to recommend the following sentence:
>
> Ten years on Count I (Complicity to Attempted Aggravated Murder), plus seven years mandatory consecutive for the firearm specification and two years mandatory consecutive for the body armor specification; six years on Count III (Complicity to Felonious Assault) to be served consecutively; and six years on each of the remaining Felonious Assault counts to be served concurrently. Three years mandatory on each gun specification for Counts III, IV and V. The trial court merged the gun specifications on these counts. The total prison term recommended would be 25 years.
>
> Following a Plea Hearing, the trial court imposed sentence as follows:

"So in addition to the factors that I have covered with you earlier, also, and I now can consider Deputy Moore's statement as in point of fact the victim impact statement. So then on the basis of all of the foregoing, I will now proceed to make disposition of your case in the following fashion:

"It is hereby ordered and adjudged that you, Shane Roush, as to the crime of attempted aggravated murder set forth in Count 1 of the indictment, that particular charge being in violation of Section 2923.02(A) of the Ohio Revised Code and being classified as a felony of the first degree, be imprisoned and confined by the Department of Rehabilitation and Correction for a mandatory stated prison term of ten years as is required by Statute 2929.13(F)(8) of the Revised Code and to pay the costs of the prosecution of this case for which execution is awarded.

"And it is further ordered you, Shane Roush, as to specification one set forth at the end of the body of Count 1 of the indictment, that specification being so defined by 2941.142 of the Ohio Revised Code, being imprisoned and confined by the Department of Rehabilitation and Correction for a mandatory additional stated prison term of seven years, that particular mandatory additional stated prison term pursuant to Statute 2929.14(D)(1)(f) of seven years to be served consecutive and prior to the principal charge.

"And it is further ordered and adjudged that you, Shane Roush, as to specification two set forth at the end of the body of Count 1 of the indictment, that specification being so defined by 2929.141 of the Ohio Revised Code, be imprisoned and confined by the Department of Rehabilitation and Correction for a mandatory additional stated prison term of two years and pursuant to 2929.14(D)(1)(D) that mandatory additional prison term of two years must be served consecutive and prior to the stated prison term imposed as to the aggravated murder charge.

" * * *

"Okay. It is further ordered and adjudged that you, Shane Roush, as to the crime of felonious assault set forth in Count 3 of the indictment herein filed, that particular charge being in violation of Section 2903.11(A) of the Ohio Revised Code and being classified as a felony of the second degree, be imprisoned and confined by the Department of Rehabilitation and Correction for a mandatory stated prison term of six years as so required by 2929.13(F)(8) of the Revised Code and to pay the costs of the prosecution of this case for which execution is awarded. And it is further ordered and

adjudged that as to the specification set forth at the end of the body of Count 3, that that merges. Counsel agree?

"MS. STEFANCIN: Yes, your Honor.

"THE COURT: Counsel agree?

"MR. DAVIS: Yes.

"THE COURT: And it is further ordered and adjudged as to specification two, same as that, that merges. We agree? Okay.

"MS. STEFANCIN: Yes, your Honor.

"THE COURT: All right. And it is further ordered and adjudged, that the sentence hereby imposed by this Court this day upon this defendant as to Count 3 shall run and be served consecutive to the sentence imposed as to Count 1. I think that takes us to the 25.

"MS. DAVIS: Yes, sir.

"MS. STEFANCIN: Yes, sir.

"THE COURT: Okay. And we'll proceed to make disposition of Count 4 in this fashion. It is hereby ordered and adjudged that you, Shane Roush, as to the crime of felonious assault set forth in Count 4 of the indictment, that particular charge being in violation of Section 2903.11(A)(2) of the Ohio Revised Code and being classified as a felony of the second degree, be imprisoned and confined by the Department of Rehabilitation and Correction for a mandatory stated prison term of six years as required by 2929.13(F)(8) and to pay the costs of the prosecution for which execution is awarded. Said sentence to run and be served concurrent with the sentence heretofore imposed, that is concurrent to Count 1 and Count 3. And I think we are in agreement that the specifications merge, okay.

"And then moving over to Count 5 and this is going to be a repetition of Count 4. It is hereby ordered and adjudged that you, Shane Roush, as to the crime of felonious assault set forth in Count 5 of the indictment herein filed, that particular charge being in violation of Section 2903.11(A)(2) of the Ohio Revised Code, be imprisoned and confined by the Department of Rehabilitation and Correction for a mandatory stated prison term of six years as so required by 2929.13(F)(8) and to pay the costs of the prosecution of this case for which execution is awarded.

"And once, again, the court finds that specifications one and two merge as heretofore placed in the record. Now, there is couple more matters to cover with you, Mr. Roush. If you would like to have a seat, please.

"MR. DAVIS: Judge.

"THE COURT: Yeah, Mr. Davis go ahead.

"MR. DAVIS: I don't believe and maybe I didn't hear it, I don't believe that you indicated that Count Number 5 was concurrent.

"THE COURT: I didn't say that and I thank you for telling me that. It is hereby ordered that the sentence heretofore imposed on this defendant this day by this Court as to Count 5 shall run and be served concurrent with the other sentences."

Tr. at p. 4–8

Appellant did not file a direct appeal.

However, on December 17, 2012, Appellant filed a pro se motion to correct sentence, arguing his sentence for the offenses of attempted aggravated murder and felonious assault were "void and illegal." The State filed a memorandum contra on June 20, 2013, arguing Appellant's motion should be denied on grounds of res judicata. Appellant filed a reply thereto onto July 17, 2013.

On September 9, 2013, the trial court denied Appellant's motion to correct sentence, concluding the mandatory terms were "appropriate and legal as the statutes allow," and the motion was barred by res judicata.

On September 30, 2013, Appellant filed the within appeal, assigning as error:

"I. APPELLANT'S SENTENCE IS VOID BECAUSE THE TRIAL COURT IMPOSED MANDATORY PRISON TERMS FOR ATTEMPTED AGGRAVATED MURDER AND FELONIOUS ASSAULT THAT WERE NOT AUTHORIZED BY STATUTE."

*State v. Roush*, No. 13CA0008, 2014 WL 5510953, at *1-3 (Ohio App. 5th Dist. Oct. 30, 2014).

On October 30, 2014, the appellate court affirmed the judgment of the trial court. *Id.* On June 3,

2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Roush*, 142 Ohio St.3d 1476 (Ohio 2015). Petitioner additionally indicates that, on January 14, 2016, he filed a motion to vacate void guilty plea and sentence in the state trial court. On February 24, 2016, the trial court denied the motion as barred under Ohio's doctrine of *res judicata*. (Doc. 1, PageID# 6.) On June 13, 2016, the appellate court dismissed the appeal for want of prosecution, based on Petitioner's failure to file an appellate brief. (PageID# 7.)

On July 18, 2017, Petitioner executed this § 2254 petition. He asserts that the trial court abused its discretion by misrepresenting his appellate rights and denying him due process and equal protection (claim one); that he was denied due process and equal protection based on prosecutorial misconduct (claim two); that he was denied due process, equal protection, and sentenced in violation of the Double Jeopardy Clause (claim three); that the trial court abused its discretion by imposing the wrong penalty range for a second degree felony, he was denied the effective assistance of counsel because his attorney failed to object, the prosecutor committed prosecutorial misconduct in this regard, and his guilty plea was not knowing, intelligent, or voluntary as a result (claim four); that the trial court abused its discretion by refusing to permit Petitioner to speak in mitigation of punishment, thereby depriving him of due process and equal protection (claim five); that the trial court abused its discretion by exhibiting religious bias prior to sentencing (claim six); that the trial court abused its discretion by not following the plea agreement and imposing mandatory sentences, and Petitioner's guilty plea was not knowing, intelligent, or voluntary as a result (claim seven); that his sentence is void due to the trial court's failure to impose a mandatory term of five years post release control (claim eight); and that the appellate court abused its discretion by dismissing his appeal without notifying him of the transmittal of the record, denying him due process and equal protection (claim nine).

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Applying the language of § 2244(d)(1)(A), Petitioner's conviction became final on September 21, 2011, thirty days after imposition of sentence, when the time period expired to file a timely appeal. *See Board v. Bradshaw,* 805 F.3d 769, 772 (6th Cir. 2015); *Keeling v. Warden, Lebanon Corr. Inst.,* 673 F.3d 452, 460 (6th Cir. 2012) (*citing Gonzalez v. Thaler,* 565 U.S. 134,

150 (2012); Ohio App. R. 4(A)); The statute of limitations began to run on the following day, and expired one year later, on September 22, 2012. Petitioner's December 17, 2012, and January 14, 2016, motions to correct sentence and to vacate void guilty plea and sentence did not affect the running of the statute of limitations, because Petitioner filed these actions after the statute of limitations had already expired. "State collateral actions filed after the statute of limitations has expired do not toll the running of the statute of limitations under 28 U.S.C. § 2244(d) (2)." *Lacking v. Jenkins*, No. 2:15-cv-3069, 2016 WL 4505765, at *3 (S.D. Ohio Aug. 29, 2016) (citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not...'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Further, the record does not indicate that Petitioner acted diligently in pursuing relief or that some extraordinary circumstances prevented him from timely filing such that equitable tolling of the statute of limitations would be appropriate. *See Holland v. Florida*, 560 U.S. 631, 650 (2010) (A petitioner is entitled to equitable tolling only if he shows "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way" and prevented timely filing)(citing *Pace*, 544 U.S. at 418). The record likewise does not indicate that Petitioner can establish a credible claim of actual innocent that would justify equitable tolling of the statute of limitations. *See Cook v. Ohio*, No. 2:15-cv-02669, 2016 WL 374461, at *10 (S.D. Ohio Feb. 1, 2016) (citing *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005)).

Additionally, Petitioner's claim that the state appellate court abused its discretion by dismissing his post conviction appeal "without perfecting proper notification of transmittal of the record," fails to provide a basis for relief. Petitioner indicates that he did not receive notice of

the transmittal of the record on April 19, 2016, and that the state appellate court therefore improperly dismissed his appeal for want of prosecution due to his failure to file an appellate brief. However, "[t]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) (citing *Kirby v. Dutton,* 794 F.2d 245, 246-47 (6th Cir. 1986); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002)). *See also Leonard v. Warden, Ohio State Penitentiary*, 846 F.3d 832, 854-55 (6th Cir. 2017) (declining to revisit the issue) (citations omitted). *Roberts v. Sutton*, 217 F.3d 1337 (11th Cir. 2000), to which Petitioner refers, involves the issue of whether a petitioner can establish cause for a procedural default based on the clerk's failure to transmit the record on appeal. That issue is not before this Court.

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.** Because the Court has not issued an Order for Respondent to answer and show cause why the Petition should not be granted, the Magistrate Judge further **RECOMMENDS** that Petitioner's Motion for Default Judgment be **DENIED AS MOOT**.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

*s/ Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge